UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JULIE LAMOTHE,<br>    Plaintiff,<br><br>        v.<br><br>ANNE MAHONEY, et al.,<br>    Defendants. | No. 3:19-cv-699 (SRU) |

## ORDER ON MOTION TO DISMISS AND MOTIONS FOR A MORE DEFINITE STATEMENT

Plaintiff Julie Lamothe, proceeding *pro se*, brought this action on May 8, 2019. *See* Compl., Doc. No. 1. The case was subsequently stayed for over four years while related criminal charges were pending against Ms. Lamothe. *See* Order Granting Mot. to Stay, Doc. No. 38; Order Lifting Stay, Doc. No. 51. I held status conferences in the summer and fall of 2024 during which I directed Ms. Lamothe to file an amended complaint. *See* Minute Entries, Doc. No. 53, 58. After further delay while Ms. Lamothe sought another stay of the case, doc. no. 61, the defendants moved for dismissal for failure to prosecute on March 4, 2025. Doc. No. 63. Shortly thereafter, Ms. Lamothe amended her complaint. Doc. No. 68. In response, several of the defendants filed motions for a more definite statement. Docs. No. 72-76.

For the following reasons, the defendants' joint motion to dismiss, doc. no. 63, is **denied**, and the defendants' motions for a more definite statement, docs. no. 72-76, are **granted**.

**I.    Motion to Dismiss for Failure to Prosecute**

Rule 41 authorizes a district court to dismiss an action where a plaintiff "fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b). To determine whether dismissal is warranted in a particular case, a district court must consider five factors, including:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). No one factor is dispositive. *Id.* Dismissal with prejudice is considered an extreme sanction, and is therefore reserved for extreme situations and must be preceded by sufficient notice to a litigant. *Id.* at 217; *see also Scott v. Perkins,* 150 F. App'x 30, 33 (2d Cir. 2005) (dismissal not warranted where litigant had kept in contact with the court and there was minimal prejudice to defendant).

After considering each of the five factors, I conclude that dismissal is not warranted. First, it is undeniably true that this case has been significantly delayed. This is a six-year-old case. The delay, however, is in large part a result of state criminal charges Ms. Lamothe faced in connection with the facts she alleges in this case, which were pending for a significant amount of time. This case was stayed during the entire pendency of those state charges. The length of that delay was, at least to some extent, out of Ms. Lamothe's control. Since the stay was lifted, Ms. Lamothe has largely kept in contact with the Court, participating in status conferences, filing motions for extension of time, and now filing an amended complaint. Furthermore, though I did notify Ms. Lamothe that a failure to respond to the plaintiff's motion to dismiss by May 1, 2025 could result in dismissal, Ms. Lamothe filed her opposition and amended complaint only one day late, on May 2, 2025. *See* Docs. No. 67, 68.

Next, the defendants fail to identify any clear prejudice as a result of the delay of this case. Although prejudice from unreasonable delay may be presumed under some circumstances, *see, e.g., Shannon v. GE*, 186 F.3d 186, 195 (2d Cir. 1999) (presumption of prejudice particularly

2

appropriate where there is indication that evidence will be lost and trial will be made more difficult), here discovery has not yet commenced and the defendants presumably have not yet devoted significant resources to their defense. *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001) (concluding that the third factor only slightly favored dismissal where there were "no indications that the delay increased the litigation costs defendants had to bear or reduced (perhaps due to decaying evidence) their likelihood of success on the merits.").

Regarding the fourth factor, balancing the Court's interest in managing its docket with the plaintiff's right to due process, Ms. Lamothe has now filed an amended complaint, evincing her interest in prosecuting this case. Despite failing to timely reply to some orders, Ms. Lamothe has also provided periodic updates in the form of status reports and motions, and participated in telephonic conferences. It is also not clear that less drastic sanctions would be inadequate to compel Ms. Lamothe to continue prosecuting her case without further delay.

Finally, I note that dismissal for failure to prosecute is a disfavored remedy in this circuit, appropriate only for extreme situations. *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) ("Dismissal for failure to prosecute is a harsh remedy to be utilized only in extreme situations.") (cleaned up). Accordingly, dismissal is not warranted at this stage of the proceedings.

## II. Motions for a More Definite Statement

A complaint must include a "short and plain statement of the claim" and the grounds on which the claim is based. *See* Fed. R. Civ. P. 8(a). "Where a defendant cannot reasonably respond to a complaint because of [its] vagueness or ambiguity, a court may grant the defendant's motion for more definite statement." *Clayton v. City of Middletown,* 237 F.R.D. 538, 539 (D. Conn. 2006). *See* Fed. R. Civ. P. 12(e) ("A party may move for a more definite

statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."). "Rule 12(e) motions are generally disfavored because of their dilatory effect." *ProBatter Sports, LLC v. Sports Tutor, Inc.*, 246 F.R.D. 99, 101 (D. Conn. 2007) (internal quotations and citation omitted). "The preferred course is to encourage the use of discovery procedures to apprise the parties of the factual basis of the claims made in the pleadings. Rule 12(e) is meant to rectify incomprehensible or confused pleadings, not to add detail or substitute for the discovery process." *Id*. (internal quotations and citation omitted); *see also Pelman v. McDonald's Corp.*, 396 F. Supp. 2d 439, 443 (S.D.N.Y. 2005) ("Rule 12(e) is designed to remedy unintelligible pleadings, not merely to correct for lack of detail.") (quotations and citation omitted). "The granting of a motion for more definite statement is within the discretion of the district court." *Szarmach v. Sikorsky Aircraft*, 2001 WL 34546343, at *3 (D. Conn. Sept. 28, 2001).

Defendants Town of Brooklyn, Rick Ives, Norwich Bulletin, Nadine McBride, John Penney, NECCOG, John Filchack, Anne Mahoney, Andrew Slitt, and Denise and Box Noiseux filed motions for a more definitive statement, complaining that the amended complaint is so vague and ambiguous that the defendants cannot ascertain what claims, if any, are directed at them. Docs. No. 72-76. Ms. Lamothe's amended complaint is brought against many defendants, and lists eleven separate causes of action that are each plead against the defendants collectively. *See* Am. Compl., Doc. No. 68. The amended complaint does include factual allegations, but does not make allegations regarding separate actions taken by many of the individual defendants, instead largely alleging that the defendants acted together in a grand conspiracy. *See, e.g.*, *id.* at Factual Allegations ¶ 21 ("Defendants acted in concert, with mutual agreement and intent, to violate Plaintiff's civil rights. . . ."). "This is not a case where Defendant[s] [are] seeking to

obtain information that is typically borne out by the discovery process." *Rodriguez v. Chex Sys., Inc.*, 730 F. Supp. 3d 36 (W.D.N.Y. 2024). Rather, Ms. Lamothe's factual allegations lack specificity, and her claims are pled against all defendants collectively, making it impossible to discern the actual nature of many of the violations about which she complains. Because Ms. Lamothe's amended complaint is vague and confusing, it is not sufficient to permit defendants to effectively prepare responses.

A motion for more definite statement is not a motion to dismiss, however, and therefore does not require the Court to assess the viability of the claims. *Clayton*, 237 F.R.D. at 540. But because the amended complaint's ambiguity prevents the defendants from formulating responsive pleadings, Ms. Lamothe is hereby directed to file a second amended complaint clearly articulating which claims are brought against which defendants, and indicating what actions by each defendant gives rise to liability for that defendant.

I advise Ms. Lamothe that any amended complaint does not add to a prior complaint, but rather replaces it. *In re Crysen/Montenay Energy Co.*, 226 F.3d 160, 162 (2d Cir. 2000) ("[A]n amended pleading ordinarily supersedes the original and renders it of no legal effect."). Her amended complaint must therefore, in a single document, state all of her legal claims against all defendants as well as all factual allegations in support of those claims. Ms. Lamothe must also include in the case caption at the top of her complaint all of the people she seeks to name as defendants. *See* Fed. R. Civ. P. 10(a) ("title of the complaint must name all the parties"). Moreover, I encourage Ms. Lamothe to consider whether she might pare down the claims and defendants in the case, in order for the case to move forward efficiently. For example, she might consider whether to proceed against Judge Spellman, who is entitled to absolute immunity against suits under section 1983 for acts performed in his judicial capacity. *See Montero v.*

5

*Travis*, 171 F.3d 757, 760 (2d Cir. 1999). Finally, I advise Ms. Lamothe that she must mail a copy of any amended complaint on all individuals she names as a defendants.

For assistance preparing her complaint, I encourage Ms. Lamothe to contact Quinnipiac University School of Law's Federal Pro Se Legal Assistance Program. That program provides free, limited-scope legal services to self-represented litigants with cases in this court who cannot afford to hire an attorney, and can be contacted by phone or email: (203) 850-7720, federalproselegal@qu.edu.

### III.   Conclusion

For the reasons set forth above, the defendants' joint motion to dismiss, doc. no. 63, is **denied.**

The defendants' motions for a more definite statement, docs. no. 72-76, are **granted.** Although Rule 12(e) provides for a 14-day time period for compliance, considering Ms. Lamothe's *pro se* status, I will enlarge that time period. Accordingly, Ms. Lamothe is directed to file a second amended complaint clarifying her claims within **30 days** of this Order.

So ordered.

Dated at Bridgeport, Connecticut, this 30th day of July 2025.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge