UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JULIE LAMOTHE,
    Plaintiff,

v.

STATE OF CONNECTICUT, et al.,
    Defendants.

No. 3:19-cv-00699 (SRU)

## ORDER OF DISMISSAL

On October 23, 2025, I informed the plaintiff, Julie Lamothe, that if she did not file a second amended complaint by November 7, 2025, the case would be dismissed. Doc. No. 85. Lamothe failed to file an amended complaint by that date. Two of the 23 named defendants (collectively, "Defendants") then moved to dismiss the case under Rule 41(b) of the Federal Rules of Civil Procedure. *Defs.' Mot. to Dismiss*, Doc. No. 86. On the same day that the Defendants filed their Rule 41(b) motion, Lamothe filed a "Statement of Claims" and a motion for continuance. *See* Pl.'s Mot. for Continuance, Doc. No. 88; Pl.'s Stmt. Of Claims, Doc. No. 89.

For the following reasons, the Motion to Dismiss, Doc. No. 86, is **GRANTED**, and the Motion for Continuance, Doc. No. 88, is **DENIED**.

    **I.**    **Background**

Lamothe initiated the instant action *pro se* against the Defendants on May 8, 2019. *See* Compl., Doc. No. 1. She alleges that the Defendants violated her constitutional rights in multiple ways; namely, by falsely arresting, defaming, and maliciously prosecuting her. *Id*. at 5-6. She seeks money damages under 42 U.S.C. Section 1983, among other remedies. *Id*. at 3. At the

time she filed her initial complaint, Lamothe faced pending criminal charges on matters substantially related to her complaint. *See* 3/18/2021 Order, Doc. No. 40.

A little more than two months later—on July 11, 2019—Lamothe filed her first motion for an extension of time to amend her complaint. *See* Doc. No. 24. To justify her motion, Lamothe explained that she needed time to secure representation and to support herself in the wake of the criminal charges filed against her. *Id*. at 1. I granted the motion and provided her with 180 days to file her amended complaint. 7/29/2019 Order, Doc. No. 29. Before the deadline had passed, Lamothe filed another motion for extension of time, noting that she still needed to obtain legal counsel. Doc. No. 36, at 3. I granted that motion as well, giving Lamothe until February 28, 2020 to file her amended complaint. 1/16/2020 Order, Doc. No. 37.

Lamothe did not file an amended complaint by that deadline. Instead, on March 2, 2020, she filed a motion to stay the case pending the resolution of her related criminal case. Pl.'s Mot. to Stay, Doc. No. 38. I granted that motion, and the Clerk subsequently stayed the case on March 5, 2020. 3/5/2020 Order, Doc. No. 39. The case reopened on May 29, 2024 after Lamothe's criminal proceedings concluded. Doc. No. 51.

On July 11, 2024, Lamothe filed another motion for extension of time, requesting a continuance of 45 days to find an attorney. Doc. No. 55, at 2. I subsequently granted that motion and set a deadline of August 24, 2024 for Lamothe's attorney to enter an appearance. 7/15/2024 Order, Doc. No. 56. I also instructed Lamothe that "[a]ny amended complaint shall be filed within 30 days of the date that Ms. Lamothe's attorney appears," meaning that Lamothe would have—at the latest—by September 23, 2024 to file her amended complaint. *Id*.

No attorney entered an appearance for Lamothe by August 24, and Lamothe did not submit an amended complaint by September 23. Accordingly, I held a telephonic status

conference on November 1, 2024, at which Lamothe informed me that she still intended to find representation and that her delay was due to her having to work three temporary jobs, which started in June and concluded in late October.  Memo. of Status Conference held on 11/1/2024, Doc. No. 59, at 1.  During that call, I encouraged Lamothe to work diligently to find an attorney and to consider amending her complaint to move the case along.  *Id*. at 2.  To facilitate that, I told Lamothe that she should find an attorney within 30 days.  *Id*. at 3.

Lamothe once again failed to find an attorney by the date requested.  In the meantime, the Defendants filed a motion to dismiss Lamothe's suit.  *See* Defs.' Joint Mot. to Dismiss, Doc. No. 63.  On April 9, 2025—nearly eight months after her July 11th request—Lamothe filed another motion for an extension of time, that time both to file her amended complaint and to respond to the Defendants' motion to dismiss.  *See* Doc. No. 66.  I granted in part but denied in part that motion, ordering Lamothe that she "*must* file a response to the motion to dismiss" by May 1, 2025; otherwise, "the motion to dismiss *will* be granted."  4/10/2025 Order, Doc. No. 67 (emphasis added).

Lamothe postmarked an amended complaint to the Court on April 30, 2025, although it was not filed by the Clerk until May 2, 2025.  *See* Amend. Compl., Doc. No. 68.  Around the same time, she filed a Motion to Continue on the grounds that she had again failed to hire an attorney and needed more time to do so.  *See* Pl.'s Mot. to Continue, Doc. No. 70.  I construed her amended complaint as having been submitted by the May 1, 2025 deadline because of the postmarked date.  5/7/2025 Order, Doc. No. 71.  Nevertheless, the complaint was so vague that I granted the Defendants' various motions for a more definite statement, *see* doc. nos. 72-76, and ordered Lamothe to file a second amended complaint clarifying her claims by August 29, 2025.  7/30/2025 Order, Doc. No. 77.

On August 25, 2025, Lamothe requested a motion for extension of time, doc. no. 78, which I granted, giving her until September 29, 2025 to file her second amended complaint. 9/12/2025 Order, Doc. No. 80.  But after she failed to submit anything by that date, I issued another order on October 23, 2025 requiring Lamothe to file her second amended complaint by November 7, 2025; otherwise, "the case [would] be dismissed."  Doc. No. 85.

Lamothe again failed to file her amended complaint by that date.  It took her until November 12, 2025—five days after the final November 7, 2025 deadline and more than two months after the initial August 29th deadline for her second amended complaint—to submit any filing.  And instead of filing a document clearly labeled "Second Amended Complaint," Lamothe submitted a "Statement of Claims" that fails to rectify many of the issues that justified my earlier granting of the Defendants' motions for a more definite statement.  *See* Pl.'s Stmt. of Claims, Doc. No. 89; Order on Mot. to Dismiss and Mot. for a More Definite Statement, Doc. No. 77.

On the same day that she submitted her Statement of Claims, Lamothe filed a Motion for Continuance.  *See* Pl.'s Mot. for Continuance, Doc. No. 88.  In that motion, Lamothe claimed that she had to work three separate jobs from early June through late October of this year and did not have adequate time to dedicate to this case.  *Id* at 1.  Lamothe provided the same excuse at a telephonic conference that I held in November of last year.  *See* Doc. No. 59 at 1.  Lamothe also mentioned in her request for a continuance that she had technical issues with PACER, *id*. at 2, and that she is still looking for an attorney, *id*. at 4, even though at least 16 months have passed since I instructed her to find representation.  *See* 7/15/2024 Order, Doc. No. 56 ("The deadline for an appearance of an attorney on Ms. Lamothe's behalf shall be 8/24/2024.").

On November 12, 2025, two of the Defendants filed a Motion to Dismiss.  *See* Defs.' Mot. to Dismiss, Doc. No. 86.  They request that the case be dismissed with prejudice because

4

Lamothe failed to comply with my November 7th dismissal deadine and failed to prosecute her claims under Fed. R. Civ. P. 41(b). *Id*. at 2. They note that the case "has been pending for more than six years and [Lamothe] has yet to have an attorney file an appearance on her behalf and file an amended complaint" that provides sufficient notice to the Defendants. *Id*. at 1.

## II. Discussion

Rule 41(b) of the Federal Rules of Civil Procedure allows a defendant to "move to dismiss the action or any claim against it" if a plaintiff "fails to prosecute or to comply with these rules or a court order[.]" "The primary rationale underlying a dismissal under 41(b) is the failure of plaintiff in [her] duty to process [her] case diligently." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982) (internal citation omitted). After all, a court "should not have to beg the parties before it to litigate the cases they initiate." *Pena v. Zazzle Inc.*, 587 F. Supp. 3d 109, 113 (S.D.N.Y. 2022) (quoting *McLean v. City of New York*, 2007 WL 415138, at *4 (S.D.N.Y. Feb. 6, 2007)).

The trial court has discretion to grant a motion to dismiss under Fed. R. Civ. P. 41(b). *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962). That is because "the authority to invoke [Rule 41(b)] for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp.*, 682 F.2d at 42. Dismissal under Rule 41(b) ordinarily constitutes "an adjudication on the merits" but may be ordered without prejudice by the district court. *See id*. at 42-43. A district court need not hold a hearing before it dismisses a case under Rule 41(b), *see Wabash R.R. Co.*, 370 U.S. 626 at 633, but it should have at least provided a dismissal warning when the case involves a *pro se* plaintiff. *Rouse v. Transworld Sys., Inc.*, 2025 WL 3119152, at *3 (E.D.N.Y. Nov. 7, 2025) (collecting cases).

5

Although there is a "strong policy favoring prompt disposition of cases" that underlies Rule 41(b), *see Lyell Theatre Corp.*, 682 F.2d at 43, dismissal is still a "drastic sanction" that "should not be utilized 'without a careful weighing of its appropriateness.'" *Rodriguez v. Clark*, 2017 WL 2369367, at *4 (D. Conn. May 31, 2017) (quoting *Dodson v. Runyon*, 86 F.3d 37, 39 (2d Cir. 1996)). The Second Circuit has therefore laid out a five-factor test for district courts to consider when ruling on a Rule 41(b) motion. Those factors include: (1) the duration of the plaintiff's failures; (2) whether the plaintiff received notice that further delays would result in dismissal; (3) whether the defendants will likely be prejudiced by further delay; (4) a balancing of the need to alleviate court calendar congestion with a party's right to due process and a fair chance to be heard; and (5) the efficacy of lesser sanctions. *Alvarez v. Simmons Market Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988) (citing *Harding v. Fed. Reserve Bank of New York*, 707 F.2d 46, 50 (2d Cir. 1983)). No single factor is dispositive, and all five should be considered by the court. *Rouse*, 2025 WL 3119152, at *3 (citing *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994)).

Those five factors are addressed in turn below.

1. **The Duration of Plaintiff's Failures**

The first factor examines whether "the plaintiff's failure to prosecute caused a delay of significant duration." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). Courts typically break the first factor down into two parts: "(1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." *Id*. at 255 (internal citation omitted). Although Rule 41(b) does not define failure to prosecute, "it can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics," *i.e.*, "repeated requests for continuance or persistent

6

late filings of court ordered papers." *Lyell Theatre Corp.*, 682 F.2d at 42   Inaction lasting a few weeks or months can constitute a failure of significant duration.  *See, e.g., Zappin v. Doyle*, 756 F. App'x 110, 112 (2d Cir. 2019) ("Case law . . . supports a conclusion that a 49-day delay could be significant and could weigh in favor of dismissal."); *Randolph v. Goodman*, 2025 WL 2930292, at *1 (S.D.N.Y. Oct. 15, 2025) (holding that dismissal is appropriate in a case where Plaintiff's unresponsiveness lasted 56 days); *Rouse*, 2025 WL 3119152, at *4 (E.D.N.Y. Nov. 7, 2025) (dismissing after three months of inactivity); *Pena*, 587 F. Supp. 3d at 114 (a period of inaction "over four months long [] weighs strongly in favor of dismissal").

     Lamothe has clearly failed to prosecute this case.  She has still not found a lawyer, even though she informed me on January 15, 2020 that she "[would] do [her] best to obtain legal counsel as soon as [she] possibly [could]."  Doc. No. 36 at 3.  Furthermore, the case has lain dormant for years; Lamothe requested her first extension of time to file an amended complaint on July 11, 2019, Doc. No. 24, yet a proper amended complaint has still not been filed.  That is the case even though I granted more than four additional extensions of time and permitted a stay of the case that lasted four years.  Lamothe also failed to obey multiple deadlines I set this year, including the final November 7th dismissal deadline.

     Lamothe now asks for a continuance because she had to work three temporary jobs from June through October, which she asserts prevented her from paying adequate attention to this case.  Although I empathize with Lamothe's employment situation, it is curious that she made an identical claim—that she had three temporary jobs that lasted from June through October—when I spoke with her during a telephonic conference in November of last year.  During that same call, I encouraged her to amend her complaint and find representation.  She has done neither.

Lamothe's failure to prosecute has also lasted a significant duration. Even if one were to start the clock the day that the stay on the case was lifted (May 29, 2024), more than 18 months have passed, and the Defendants still do not have a second amended complaint that adequately provides notice of Lamothe's claims. Lamothe's first amended complaint was so vague that I granted Defendants' motions for a more definite statement on July 30, 2025. Only on November 12, 2025—more than three months later and past several deadlines—did the Clerk receive anything resembling a second amended complaint from Lamothe. *See* Stmt. of Claims, Doc. No. 89. Lamothe's continued failure to find representation and pay attention to her lawsuit, in addition to her repeated requests for time extensions, all have contributed to this case's stagnation over the past six years.

Therefore, Lamothe has failed to prosecute the case, and her failures have lasted a significant duration. The first factor weighs in favor of dismissal.

**2. Notice Provided to Plaintiff**

The second factor looks at whether the plaintiff received "notice that further delay would result in dismissal." *Norden Sys., Inc.*, 375 F.3d at 254. The notice should be forward-looking, meaning that a court must warn the plaintiff that the action *will* be dismissed if it is further delayed by the plaintiff. *Id.* at 255. District courts in the Second Circuit have considered one or two warnings to be adequate notice. *See, e.g.*, *Leybinsky v. United States Citizenship and Immigr. Services*, 2020 WL 7295661, at *2 (E.D.N.Y. Dec. 2, 2020) (one warning); *Chavis v. City of New York*, 2018 WL 6532865, at *4 (S.D.N.Y. Oct. 12, 2018) (two warnings).

Lamothe received multiple forward-looking warnings that informed her that her case would be dismissed if she failed to act. On April 10, 2025, I told Lamothe that her case would be dismissed if she failed to timely respond to the Defendants' motion to dismiss. Doc. No. 67.

8

Although her response was filed on May 2, 2025—after the May 1st deadline—I construed the date of submission as April 28, 2025, the date that her response was postmarked. Doc. No. 71. My April 10th warning should have put her on notice that her case was on thin ice. Then, on October 23, 2025, I instructed Lamothe that if she "[did] not file an amended complaint by November 7, 2025, the case will be dismissed." Doc. No. 85. She has still not submitted a second amended complaint. Even if her November 12, 2025 submission—titled "Statement of Claims"—could be construed as a second amended complaint, the fact remains that she failed to heed the November 7, 2025 dismissal deadline that she was warned about.

### 3. Prejudice Faced by the Defendant

The third factor assesses whether the defendant is "likely to be prejudiced by further delay." *Norden Sys., Inc.*, 375 F.3d at 254. Courts presume prejudice in cases of unreasonable delay. *Lyell Theatre Corp.*, 682 F.2d at 39-40; *see also Norden Sys., Inc.*, 375 F.3d at 256 (quoting *Lyell Theatre Corp.* at 39-40) (noting that the presumption is rebuttable and that "[i]n cases where 'delay is more moderate or excusable, the need to show actual prejudice is proportionally greater'"). An unreasonable delay may occur when a plaintiff takes years to file an amended complaint, *see Shannon v. General Elec. Co.*, 186 F.3d 186, 194-95 (2d Cir. 1999), or when a plaintiff repeatedly ignores a court's request for documents. *See Lyell Theatre Corp.*, 682 F.2d at 39-40.

The delay in this case is unreasonable. Lamothe first asked for an extension of time to file her amended complaint on July 11, 2019. Only after a four-year-long stay of the case and multiple extensions of time did Lamothe file an amended complaint on May 2, 2025. But that amended complaint lacked specificity, and so I ordered Lamothe to file a second amended complaint on July 30, 2025. Lamothe has failed to submit a second amended complaint; the only

9

material the Defendants have recently received is a "Statement of Claims" submitted on November 12, 2025, after the November 7th dismissal deadline. Lamothe's "Statement of Claims," however, still leaves Defendants "in the dark as to the exact contours of the charges against them[.]" *Norden Sys., Inc.*, 375 F.3d at 257.

In sum, more than six years have passed since Lamothe initially filed this case, and the individual Defendants still do not know which claims are being asserted against each of them specifically. That would remain a problem even if I were to start to the clock after the case's stay was lifted—which occurred eighteen months ago. A delay of that length is unreasonable and prejudices the Defendants, who have had to spend considerable litigation resources during the pendency of this suit. *See Defs.' Joint Obj. to Pl.'s Mot. for Continuance*, Doc. No. 90, at 2-3 ("Defendants have incurred substantial legal fees over the multi-year pendency of this matter as a result of Plaintiff's delays").

### 4. Balancing Judicial Efficiency and the Plaintiff's Due Process Rights

Fourthly, a court should balance "the need to alleviate court calendar congestion … against [the] plaintiff's right to an opportunity for a day in court." *Norden Sys., Inc.*, 375 F.3d at 254. A court "has a strong interest in managing its docket and cannot indefinitely wait for [a plaintiff] to turn [their] attention" to the case at hand. *Pena*, 587 F. Supp. 3d at 114. When a plaintiff fails to comply with a court's order and to properly prosecute their case, the plaintiff's interest in having their case heard before the court loses significant weight in the fourth factor's calculation. *See George v. Cousins Printing LLC*, 2008 WL 4093057, at *2 (S.D.N.Y. Sept. 2, 2008) (citing *Feurtado v. City of New York*, 225 F.R.D. 474, 480 (S.D.N.Y. 2004)) (holding that the "plaintiff's failure to comply with the court's order or make an attempt to prosecute this case dismisses his right to have the court hear his claim").

The balance of equities favors dismissal of this case. The case has been on my docket for more than half a decade, and, if not dismissed, will continue to take time away from the more than 300 other cases assigned to me. Lamothe's interest in having her case heard is diminished because she has repeatedly failed to comply with deadlines I have set. She "certainly knew what the consequences would be" in failing to submit her second amended complaint on time, *Lyell Theatre Corp.*, 682 F.2d at 42, and so the fourth factor weighs in favor of dismissal.

### 5. The Efficacy of Lesser Sanctions

Finally, a court must "adequately address[] the efficacy of lesser sanctions." *Norden Sys., Inc.*, 375 F.3d at 254. Because the Second Circuit has instructed district courts to give special leniency to *pro se* plaintiffs regarding procedural matters, some courts in the Second Circuit have chosen to dismiss cases without prejudice so that a *pro se* plaintiff may revive their action at a time when they are better suited to prosecute it. *See Pena*, 587 F. Supp. 3d at 114. But many other district courts in the Second Circuit have also held that dismissal with prejudice is warranted when the court has adequately warned the *pro se* plaintiff. *See, e.g.*, *Zeigler v. Annucci*, 2025 WL 1056904, at *2 (S.D.N.Y. Apr. 8, 2025) (internal citation omitted). That is especially the case when *pro se* plaintiffs "flout" court orders. *Gibson v. City of New York*, 2022 WL 3566493, at *2 (S.D.N.Y. Aug. 3, 2022) (internal citation omitted). Regardless of whether the plaintiff is *pro se*, then, the central question on the fifth factor is whether there is anything "in the record to suggest that a sanction less serious tha[n] dismissal will resolve the plaintiff's failure to cooperate." *Nava v. Opai Thai Inc.*, 2021 WL 1873153, at *2 (S.D.N.Y. May 10, 2021).

Although Lamothe is a *pro se* plaintiff, that does not change the fact that she has repeatedly flouted court orders. She has been on notice for more than six years that she needs to

11

find representation and to amend her complaint so that it clearly delineates causes of action against the 23 named defendants. *See Antonio v. Beckford*, 2006 WL 2819598, at *2-5 (S.D.N.Y. Sept. 29, 2006) (dismissing action under Rule 41(b) in part because plaintiff failed to respond to a court order after being warned that inaction would lead to dismissal of the case). I have tried to be as lenient as possible, giving Lamothe more than six years to find a lawyer and to amend her complaint. "Given this history of neglect of the case and failure to follow court orders, no sanction less drastic than dismissal [with prejudice] is appropriate." *James v. Cuny/John Jay Coll.*, 2019 WL 5887364, at *1 (S.D.N.Y. Nov. 12, 2019).

### III.    Conclusion

The Defendants' Motion to Dismiss, Doc. No. 86, is **GRANTED**, and Lamothe's Motion for Continuance, Doc. No. 88, is **DENIED**.

The case is dismissed with prejudice. If Lamothe wishes to appeal this decision, she must file a Notice of Appeal with the district court within 30 days of this order. A Notice of Appeal Form may be found at http://www.ctd.uscourts.gov/forms/all-forms/appeals_forms.

SO ORDERED at Bridgeport, Connecticut this 8th day of December 2025.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge